**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALAN C. HALL,<br> *Plaintiff*, <br><br> v. <br><br> COUNSELOR SUPERVISOR VEREEN, *et al.*, <br> *Defendants*. | NO. 3:26-CV-298 (KAD) <br><br><br> MAY 18, 2026 |

**INITIAL REVIEW ORDER**

Plaintiff Alan Hall, proceeding *pro se*, is a sentenced inmate[1] in the custody of the Connecticut Department of Correction ("DOC") at MacDougall-Walker Correctional Institution ("MWCI").   Plaintiff commenced this action under 42 U.S.C. § 1983 ("Section 1983") alleging constitutional deprivations related to his back pain and purported need for a medical mattress and back brace.  *See* Compl., ECF No. 1.  Plaintiff names as Defendants UConn Medical Hospital ("UConn"), former DOC Disability Rights Coordinator ("DRC") Colleen Gallagher, current DRC Haye, and four other individuals who work for DOC at MWCI: Counselor Supervisor Vereen, Warden Jesus Guadarrama, APRN Akina Richards, and Dr. Frank Maletz.   Plaintiff seeks damages and injunctive relief to remedy the violation(s) of his federal rights.  *Id.* at 5.

The Prison Litigation Reform Act (PLRA) requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).   Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon

---

[1]  The Court may "take judicial notice of relevant matters of public record."   *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).   A search on the Connecticut DOC website under Plaintiff's inmate number shows that he was a sentenced inmate at the time relevant to this action.   *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=190732 (last visited May 18, 2026).

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.   The Court now considers whether Plaintiff has alleged any plausible claims for damages against Defendants for violations of his rights under the United States Constitution.

**Allegations[2]**

The Court does not include herein all of the allegations from the Complaint but summarizes the facts to provide context to this Initial Review Order.

<u>Medical Mattress Requests to Defendants Vereen, Gallagher, and Guadarrama</u>

Between December 2023 and January 2024, Plaintiff experienced post-surgical pain and made requests to DOC officials for a medical mattress.  Compl. at ¶¶ 1, 2.  He submitted a Request for Reasonable Accommodation ("Request") to Defendant Vereen, and therein requested a medical mattress to prevent further spinal deterioration.  *Id.* at ¶ 1.  Defendant Vereen denied the request.  *Id.*  Defendant Guadarrama later denied Plaintiff's appeal.

On March 12, 2024, Defendant Gallagher ignored Plaintiff's obvious distress, and denied Plaintiff's request for a medical mattress in his Appeal of Administrative Decision.  *Id.* at ¶ 4.

In 2025, Plaintiff sent another Request for a medical mattress.  *Id.* at ¶ 7.  Defendant Haye did not answer the Request, and instead sent it to Defendant Guardarrama.  *Id.*  Defendant Guadarrama denied the Request as to the medical mattress, but afforded Plaintiff an additional pillow.  *Id.*

Plaintiff later submitted an Appeal of Administrative Decision to Defendant Haye.  *Id.*

---

[2]  All factual allegations are drawn from the Complaint, and considered to be true.

The appeal remains pending.  *Id.*

Plaintiff cannot sleep on his right side and suffers from increasing back pain.  *Id.* at ¶¶ 1-2.

Defendant Maletz and Defendant Richards

On September 11, 2024, Plaintiff saw DOC's orthopedic surgeon, Defendant Maletz, at MWCI.  *Id.* at ¶ 5.  At that time, Plaintiff and Defendant Maletz discussed his ongoing post-surgery complications.  *Id.*  Defendant Maletz ordered x-rays and referred Plaintiff to UConn for further evaluation.  *Id.*  On December 2, 2024, Plaintiff's request for a back brace was denied by Defendant Richards.[3]  *Id.* at ¶ 3.  As a result, Plaintiff was forced to rely on a cane that did not stabilize his spine or prevent further spinal deterioration.  *Id.*

On September 27, 2024, Plaintiff had an order for a follow-up with APRN Libros.  *Id.* at ¶ 6.  Yet, after Plaintiff had an evaluation on March 5, 2025, neither UConn nor Defendant Maletz provided him with a follow-up, although Plaintiff made numerous requests to see Defendant Maletz.  *Id.* at ¶¶ 5-6.  Plaintiff did not see Defendant Maletz until November 5, 2025.  *Id.*

On November 5, 2025, Plaintiff explained his worsening symptoms to Defendant Maletz.  *Id.* at ¶ 5.  During that appointment, Defendant Maletz advised Plaintiff that he had approval for a back brace and acknowledged that someone had "dropped the ball" by failing to provide Plaintiff with a follow-up to APRN Libros's report.  *Id.*

Plaintiff complains that still, no corrective action was taken.  *Id.*  Defendant Maletz resubmitted a follow-up order for Plaintiff to be seen by another surgeon.  *Id.* at ¶ 6.  But to date, the Orthopedics Department at UConn has not scheduled any follow-up appointment for Plaintiff.

---

[3]  Though Plaintiff does not specifically identify the "medical provider" who denied his back brace requests, he included such allegations under the header for Defendant Richards, his former provider.  As such, the Court has construed these allegations as against Defendant Richards.

*Id.*   Meanwhile, Plaintiff's condition has continued to deteriorate significantly.   *Id.*

**Discussion**

The Court construes the Complaint as asserting Eighth Amendment claims against Defendants for deliberate indifference to his need for a medical mattress and/or back brace for his deteriorating back condition and related pain.

Section 1983 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."   "The common elements to all [Section] 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"   *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

UConn Medical Hospital Orthopedic Department

As a preliminary matter, the Court dismisses all Section 1983 claims against UConn.   To state a claim under Section 1983, Plaintiff must allege facts showing that a person acting under color of state law deprived him of a federally protected right.   But the state and state agencies— including UConn—are not "person[s]" within the meaning of Section 1983.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *see, e.g.*, *Awad v. Univ. of Connecticut Health Ctr.*, No. 3:18-CV-1578 (JAM), 2019 WL 109338, at *3 (D. Conn. Jan. 4, 2019) (dismissing claims against several entities including UConn Hospital); *Blaine v. UConn Health Care*, No. 3:18-CV-359 (MPS), 2018 WL 1368909, at *2 (D. Conn. Mar. 16, 2018) (dismissing claim against

CMHC because it is a division of a state agency and not a "person" subject to suit).   As such, the Complaint fails to state a Section 1983 claim against UConn.

Eighth Amendment Deliberate Indifference

The Court next considers whether Plaintiff has stated any plausible Eighth Amendment claims against the individual Defendants. "The Eighth Amendment prohibits 'deliberate indifference to serious medical needs of prisoners,' which includes needs for mental health care." *Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–105 (1976)).   To state a claim for deliberate indifference to a serious medical need, a plaintiff's claim must satisfy both objective and subjective elements.   *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).   First, the alleged deprivation "must be, in objective terms, sufficiently serious."   *Id.* (quotations and citations omitted).   "Second, the charged official must act with a sufficiently culpable state of mind."   *Id.*

*Objective Element*

Under the objective prong, the inmate's medical need or condition must be "a serious one." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003).   Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain."   *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).   Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).   Additionally, a medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton

infliction of pain."  *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (internal citation omitted).

Plaintiff alleges that he had difficulty sleeping, experienced spinal instability while using a cane, and was referred by Defendant Maletz to see a surgeon about his increasing symptoms. For initial review purposes, these allegations are sufficient to suggest that Plaintiff suffers from objectively serious back pain with worsening symptoms, absent remedial measures.  *See Faraday v. Lantz*, No. 3:03-CV-1520 (SRU), 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) (collecting cases in which various back conditions were sufficiently serious to support an Eighth Amendment claim).

### Subjective Element

To satisfy the subjective prong, a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

"Mere medical malpractice is not tantamount to deliberate indifference," unless "the malpractice involves culpable recklessness, *i.e.*, a conscious disregard of a substantial risk of serious harm."  *Chance*, 143 F.3d at 703 (internal quotation marks and citation omitted). Of course, "[c]onsciously disregarding an inmate's legitimate medical need is not mere medical malpractice."  *Id.* (cleaned up).  But "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *see also Hathaway*, 37 F.3d at 70 (the Court "does not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, [the Court] will not second guess

6

the doctors").   "Whether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case."   *Chance*, 143 F.3d at 703.

**Defendants Vereen, Gallagher, Guadarrama and Haye**

Although at times difficult to discern, the Complaint indicates that Plaintiff explained his serious need for a medical mattress due to increasing pain and spinal deterioration to Defendants Vereen, Gallagher, and Guadarrama, but they all denied his request(s) for the medical mattress. Taken as true and construed in the light most favorable to Plaintiff, the Complaint suggests these Defendants may have acted with deliberate indifference to Plaintiff's medical needs for his serious back condition and related pain.   Thus, at this initial stage in the proceeding, the Court permits Plaintiff to proceed for further development of the record on his Eighth Amendment claims against Defendants Vereen, Gallagher, and Guadarrama in their individual capacities.

Plaintiff has not, however, alleged any facts to support an inference that Defendant Haye acted with a culpable state of mind to support an Eighth Amendment claim.   Defendant Haye allegedly referred Plaintiff's Request to Defendant Guadarrama.   Plaintiff also alleges that his Appeal of Administrative Decision remains pending under Defendant Haye's review.   These allegations do not describe any conduct by Defendant Haye that the Court could construe as conscious disregard of Plaintiff's serious need for a medical mattress for his back condition. Accordingly, the Court dismisses Plaintiff's Eighth Amendment claim against Defendant Haye in his individual capacity.   *See* 28 U.S.C. § 1915A(b)(1).

**Defendant Richards**

As to Defendant Richards, Plaintiff's allegations are thin.   Construed liberally, the Complaint asserts that Defendant Richards denied him the back brace that he had requested on December 2, 2024.   Plaintiff has not, however, alleged any facts suggesting that Defendant

7

Richards, in doing so, was aware that Plaintiff required the back brace to alleviate his serious back pain and to stabilize his spine.

Plaintiff allegedly learned from Defendant Maletz—during his appointment on November 5, 2025—that he had received approval for a back brace. But Plaintiff has not alleged facts to support an inference that Defendant Richards was aware of the approval at the time she denied his request. Nor are there factual allegations to suggest that the approval occurred prior to Defendant Richards' denial of his request for a back brace, that she was advised of the approval, or that she had reviewed information showing Plaintiff had approval for the back brace. Absent facts to show Defendant Richards acted with conscious disregard to Plaintiff's serious medical need for a back brace, Plaintiff has not alleged facts to support a claim that Defendant Richards was deliberately indifferent. Thus, Plaintiff may not proceed on an Eighth Amendment claim against Defendant Richards in her individual capacity.

### Defendant Maletz

Plaintiff alleges facts indicating that Defendant Maletz provided him medical attention, including diagnostic tests and referrals to other providers at UConn. Plaintiff appears to fault Defendant Maletz for not meeting with him again until November 5, 2025, following his initial appointment with Defendant Maletz on September 11, 2024 and his ensuing evaluation on March 5, 2025 at UConn. But nothing in the Complaint indicates that Defendant Maletz failed to see Plaintiff notwithstanding a conscious awareness that Plaintiff required an earlier appointment due to his serious, degenerating back condition.

At most, Plaintiff's allegations may support a claim that Defendant Maletz acted negligently by failing to schedule a more timely follow up appointment for Plaintiff. But negligent conduct is not sufficient to support deliberate indifference. *See Hathaway,* 37 F.3d at

66. An inmate's preference for certain medical treatment does not give rise to a constitutional claim, *see Chance*, 143 F.3d at 703, nor does Plaintiff's complaint about not being provided with an earlier appointment to see a medical provider. *See Davis v. Furey*, No. 3:19-CV-1867 (JCH), 2021 WL 2827366, at *6 (D. Conn. July 6, 2021) (plaintiff's "assertion that he should have been seen by a medical provider other than [defendant], or sooner than he was seen, is not sufficient to support a constitutional claim"); *Perry v. Furey*, No. 3:18-CV-1709 (KAD), 2020 WL 59941, at *6 (D. Conn. Jan. 6, 2020) ("[t]he mere fact that the plaintiff believes he should have been seen sooner or more frequently than he was does not create a deprivation of constitutional dimension.").

As Plaintiff alleges no facts to support a claim that Defendant Maletz failed to provide him with responsive medical treatment in conscious disregard of substantial potential harm to Plaintiff, the Court dismisses Plaintiff's Eighth Amendment claim against Defendant Maletz in his individual capacity.

Official Capacity Claims

Plaintiff additionally requests injunctive relief against Defendants in their official capacities.[4]  Specifically, the Complaint requests that the Court order Defendants to provide Plaintiff with: (1) an operation to repair his spine; (2) a "Posturepedic" mattress to replace his foam core mattress; (3) physical and occupational therapy; and (4) an escort for therapy at UConn.  *See* Compl. at 5.

Plaintiff may proceed against a DOC official in his or her official capacity to the extent he alleges an ongoing constitutional violation.  *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized a limited exception to the Eleventh

---

[4]  Any claims for money damages against Defendants, who are state employees, in their official capacities are dismissed as barred by the Eleventh Amendment.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Amendment's grant of sovereign immunity from suit to permit a plaintiff to sue a state official acting in an official capacity for prospective injunctive relief for continuing violations of federal law. *See In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "A plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Any prospective relief regarding prison conditions must be "narrowly drawn, extend[] no further than necessary to correct the violation of a federal right, and [be] the least intrusive means necessary to correct the violation." *Brown v. Plata*, 563 U.S. 493, 530 (2011) (citing 18 U.S.C. § 3626(a)). A claim for injunctive relief against a defendant in his or her official capacity may proceed only to the extent that the defendant has the authority to remedy the alleged ongoing constitutional violation. *See Scozzari v. Santiago*, No. 3:19-CV-229 (JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019).

Plaintiff's allegations suggest ongoing deliberate indifference to Plaintiff's serious need for a medical mattress due to his deteriorating back condition and increasing pain. Thus, Plaintiff's official capacity claim may proceed against Defendant Warden Guadarrama, who plausibly retains the ability to provide or otherwise authorize remedial relief for any ongoing Eighth Amendment violation.

**ORDERS**

For the foregoing reasons, the Court enters the following orders:

(1) This case shall proceed on Plaintiff's Eighth Amendment claims against Defendants Gallagher and Vereen in their individual capacities, and against Defendant Guadarrama in both his individual and official capacities.

10

All other claims are **DISMISSED without prejudice** under 28 U.S.C. §1915A.  The Clerk of Court is kindly instructed to TERMINATE Defendants UConn, Richards, Maletz, and Haye.

If Plaintiff believes he can allege facts to cure the deficiencies identified in this Initial Review Order, he may file an Amended Complaint within **thirty (30) days** from the date of this Order.  An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. In the meantime, the case shall proceed to service against Defendants Gallagher, Vereen and Guadarrama.

(2) The Clerk of Court shall verify the current work address for Defendants Gallagher, Vereen, and Guadarrama with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to those Defendants at their confirmed addresses by **June 8, 2026**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If a Defendant fails to return the waiver request, the Clerk of Court shall arrange for in-person individual capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.   The U.S. Marshal Service is directed to effect service of the Complaint and this Order on Defendant Guadarrama in his official capacity at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, by **June 8, 2026**, and to file a return of service within thirty (30) days from the date of this Order.

(4) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the

11

DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendants shall file a response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.   If Defendants choose to file an answer, Defendants shall admit or deny the allegations and respond to the cognizable claims recited above.   Defendants may also include all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **December 18, 2026**.   Discovery and/or discovery requests shall not be filed with the Court unless required by Rule.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.   The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed by **January 18, 2027**.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.   If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d) provides that he MUST notify the Court. **Failure to do so may result in the dismissal of the case.**   Plaintiff must give notice of a new address even if he is incarcerated.   He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.   It is not enough to just put the new address on a letter without indicating that it is a new address.   If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.   He should also notify Defendants or defense counsel of his new address.

(11) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of May 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE